IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-CR-0009-001-CVE |
| | ) | |
| WILLIE CHARLES GODINE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is defendant's pro se motion to transfer jurisdiction of his term of supervised release (Dkt. # 93). Defendant requests that jurisdiction of his supervised release be transferred from this district to the Southern District of California.

Defendant was convicted of possession of cocaine with intent to distribute and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii), and 18 U.S.C. § 2. He was sentenced to a 48-month term of imprisonment, followed by a five-year term of supervised release. Based on family ties in San Diego, California, defendant was released from imprisonment in June 2006 directly to the Southern District of California, to be supervised by the U.S. Probation Office in San Diego. In October 2007, based on information provided by the probation office in San Diego, an order on supervised release was filed alleging that defendant committed a new law violation (Dkt. # 75). Defendant is currently imprisoned in San Diego County jail, having been convicted of the offense alleged in the order on supervised release. A warrant was issued on the instant matter and a detainer is lodged with San Diego County, with defendant subject to return to this district to appear on allegations he violated conditions of supervised release.

Defendant presumably requests transfer of jurisdiction to the District of Southern California for two reasons: his intent to reestablish residence there, and so he may appear in that district for a show cause hearing on the pending order on supervised release.

The statute relevant to transferring jurisdiction of a term of supervised release is 18 U.S.C. § 3605, which reads:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. Id.

Section 3605 "gives a court discretion to order a transfer, but conditions transfer upon the acceptance of jurisdiction by the court to which the transfer is made, and upon selection of a district to which the probationer was required or permitted to proceed." United States v. Ohler, 22 F.3d 857, 858-59 (9th Cir.1994). A decision to transfer jurisdiction of supervised release rests solely with the district court having original jurisdiction and the receiving judicial district. No liberty interest is implicated in the transfer of a defendant's supervised release jurisdiction from the district in which the original crime was committed to the district in which a defendant resides and where alleged violations were allegedly committed. Id. at 857, 858. Further, under Ohler, the court has discretion to order the transfer, but the transfer is conditioned upon the acceptance of jurisdiction by the court to which the transfer is made. Id. at 858-859. Because the statute requires concurrence of the transferee court, and because that court has not agreed to accept jurisdiction, this Court lacks the authority to grant defendant's request.

**IT IS THEREFORE ORDERED** that defendant's motion to transfer jurisdiction of his term of supervised release (Dkt. # 93), is **denied**.

**DATED** this 3rd day of June, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT